{¶ 30} I concur in the majority's analysis of Landmark's first cross-assignment of error, but would remand the matter for the trial court to re-determine the amount to be awarded for the appellate work.
 {¶ 31} I respectfully disagree with the majority's decision to consider Landmark's second cross-assignment of error together with its first. Unlike the majority, I would overrule this assignment of error. I find no abuse of discretion by the trial court in determining the lodestar figure. Such determination allows the trial court to determine the hours reasonably necessary. It does not mean the trial court must accept all hours claimed as being reasonable per se.
 {¶ 32} Further, I respectfully dissent from the majority's decision to sustain Byler's assignment of error. Although I do not disagree with the majority's general discussion of the factors, law, and principles to be considered in determining an award of attorney fees, I disagree with its finding the trial court abused its discretion in applying the same. Although I, like the majority, firmly believe this matter should and must come to an end, I find the standard of review to be afforded the trial court prevents me from joining that endeavor. *Page 10 
 JUDGMENT ENTRY
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County is reversed and pursuant to App. R. 12 we enter final judgment in the amount of $15,000 for the trial work and $5,000 for the appellate work, for a total of $20,000. Costs to appellant Byler. *Page 1